IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LETRELL DEVONTE LEWIS                                                      PLAINTIFF

v.                            Civil No. 5:26-cv-05003-TLB-CDC

SERGEANT RAMOS; E. EVANS;
SHERIFF JAY CANTRELL; KARAS
CORRECTIONAL HEALTH; KELLEY
HINLEY; JOLEY SMOTHERS; DUSTIN
SANDERS; CORPORAL TOM
MULVANEY; and BEVINS                                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  For the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE.

### I.  BACKGROUND

Plaintiff Letrell Devonte Lewis was incarcerated at the Washington County Detention Center ("WCDC") when he filed this lawsuit on January 7, 2026.  *See* ECF No. 1.  Plaintiff's Amended Complaint (ECF No. 6) asserts three claims.  The first claim alleges that he was subjected to racial discrimination by several officers at the WCDC in violation of the United States

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Constitution. *See id.* at 6–8. His second claim alleges that he was unconstitutionally denied medical care at the WCDC. *See id.* at 8–12. And his third claim alleges that he was subjected to unconstitutional conditions of confinement at the WCDC. *See id.* at 11, 13–14. As relief, Plaintiff seeks $110,000.00 in compensatory damages, and asks that various employees of WCDC be fired and contracts with WCDC be terminated. *See id.* at 14–16.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights."  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978).  To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

In support of Plaintiff's first claim, for racial discrimination, he alleges that a fight broke out between two white inmates at the WCDC, and that afterwards when investigating the fight an officer "scanned" Plaintiff's knuckles for injuries even though Plaintiff is a black man.  *See* ECF No. 6, pp. 6–7.  Plaintiff alleges that when he filed a grievance about this incident, his grievance was rejected by an officer who explained that "this incident had nothing to do with you in any way" because Plaintiff was not moved or disciplined as a result of the fight investigation; Plaintiff argues that this response ignores the fact that "my knuckles were scanned 1st by other officers and not 1 white person's knuckles were scanned."  *See id.* at 7.  This claim is obviously baseless, as Plaintiff has not alleged that he suffered any injury whatsoever.  An officer simply looked at his knuckles while investigating a fight.  There is no allegation that any racist or racially insensitive remark was ever made to Plaintiff—which, it should be noted, would on its own likely still not rise to the level of a constitutional violation unless it was pervasive or severe enough to amount to harassment.  *See Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002).  Accordingly, Plaintiff's first claim should be dismissed for failure to state a claim.

Plaintiff's second claim is for denial of medical care.  A state actor violates the Constitution when it is deliberately indifferent to a prisoner's serious medical needs.  *See De Rossitte v. Correct Care Solutions, LLC*, 22 F.4th 796, 802 (8th Cir. 2022).  A claim for deliberate indifference must satisfy two elements: (1) that Plaintiff had "an objectively serious medical need" and (2) that Defendants "knew of and disregarded that need."  *Id.*  Plaintiff alleges that he repeatedly told medical employees at WCDC that he was suffering from toenail fungus and asked them to remove his toenails, but that those medical employees evaluated his toenails and refused to remove them, informing him that he did not have toenail fungus and that his toenails were healthy.  *See* ECF No. 6, pp. 9–11.  Eighth Circuit caselaw is clear that when a plaintiff is evaluated by medical professionals and he simply disagrees with their diagnosis or lack thereof, this does not rise to the level of unconstitutional deliberate indifference.  *See De Rossitte*, 22 F.4th at 803.  Plaintiff also alleges that he frequently requested that his blood pressure be checked, and that these requests were not always granted (but that they sometimes were).  *See* ECF No. 6, pp. 9–11.  Plaintiff does not allege that he ever actually had dangerous blood pressure levels or that he ever suffered any medical symptoms related to blood pressure problems while incarcerated at WCDC.  *See id.*  In other words, Plaintiff has not alleged that his blood pressure constituted an objectively serious medical need that Defendants knew of and disregarded.  Accordingly, Plaintiff's second claim should also be dismissed.

Finally, Plaintiff's third claim is for unconstitutional conditions of confinement.  In support of this claim, Plaintiff simply alleges that on December 19, 2025, he found a hair in his food, which he believes resulted from trustees not wearing hairnets.  *See id.* at 13.  Much like his first claim, this claim is baseless because Plaintiff has not alleged that he suffered any injury whatsoever from this incident.  Prisoners have a right to nutritionally adequate food, but Plaintiff has not alleged that the food he was served was nutritionally inadequate or that it presented any immediate danger

to his health, or that his health suffered as a result of the food.  *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).  Accordingly, Plaintiff's third claim should also be dismissed.

## IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of March 2026**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE